The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 15, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 15, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BRENDA LEE GRAY-MORGAN, | ) | Case No. 16-42270 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| ANDREW W. SUHAR, TRUSTEE, | ) | |
| Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 17-4034 |
| v. | ) | |
| | ) | |
| BRENDA LEE GRAY-MORGAN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

On October 11, 2017, Andrew W. Suhar, the Chapter 7 trustee, initiated this adversary proceeding alleging that the debtor, Brenda Lee Gray-Morgan, had failed to turnover property of the estate and seeking revocation of the debtor's

---

[1] This Opinion is not intended for official publication.

discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). This matter is currently before the Court on the trustee's motion for summary judgment. For the reasons that follow, the trustee's motion is granted.

JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. On December 13, 2016, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Court granted the debtor a discharge on April 5, 2017 (Docket No. 42). On May 24, 2017, the trustee filed a motion requesting the Court to compel the debtor, pursuant to 11 U.S.C. § 542, to turnover the sum of $4,213.42, consisting of the nonexempt portion of the debtor's 2016 federal and state income tax refunds (Docket No. 46). On August 22, 2017, the Court entered an order granting the trustee's motion and directing the debtor to turnover to the trustee the sum of $4,213.42 within ten days (Docket No. 50).

When the debtor failed to turnover this amount, the trustee filed the above-captioned adversary proceeding on October 11, 2017, asserting that the debtor had failed to obey the Court's order directing turnover of funds and seeking to have the debtor's discharge revoked under 11 U.S.C. § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 1). The debtor filed an answer on November 9, 2017, indicating that the debtor was suffering financial hardship and seeking an extension of time to pay the amount owed to the trustee (Adv. Pro. Docket No. 5). On February 12, 2018, the Court held a status conference with the parties, where the Court decided to hold the adversary proceeding in abeyance for sixty days to allow the debtor to comply with the order directing turnover of funds. On April 9, 2018, the debtor filed a correspondence with the Court, indicating that the debtor's financial condition had not improved and that the debtor was still unable to comply with the Court's order directing turnover of funds (Adv. Pro. Docket No. 8). On July 5, 2018, the trustee filed a motion for summary judgment (Adv. Pro. Docket No. 12). The debtor did not timely respond to the trustee's motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056.  Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard.  *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations."  *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012).  "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party."  *Id.* at 570.  "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248 (1986)).

## DISCUSSION

The trustee seeks to have the Court revoke the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A).  Section 727(d)(3) provides in pertinent part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
> > (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
> . . . .
> (6) the debtor has refused, in the case–
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to

include a willfulness or intentional standard in § 727(a)(6), Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

First, the trustee has established that debtor had knowledge of the order directing turnover of funds issued by the Court on August 22, 2017, and both the debtor's answer filed on November 19, 2017, and the debtor's correspondence filed on April 9, 2018, confirm her knowledge of the order. *See* Adv. Pro. Docket Nos. 6 and 8. Second, the debtor has failed to turnover the funds, thus violating the order. Finally, the order was specific and definite. *See* Docket No. 50.

Once the moving party establishes these three elements, then the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 716 (Bankr. W.D. Mo.

6

2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient; rather, the debtor must provide supporting evidence to explain the noncompliance. *See Magack*, 247 B.R. at 410 (citing *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)). A debtor may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410-11.

In this proceeding, the trustee has, in affidavit format, established the necessary facts for revocation of discharge under § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 13). The debtor was given an opportunity to explain her failure to comply with the Court's order directing turnover of funds, but failed to do so by not asserting specific, supportive evidence that "all reasonable efforts to comply" have been undertaken in the debtor's correspondences, and by not filing a response to the trustee's motion for summary judgment. After reviewing the evidence in a light most favorable to the debtor, the Court finds no genuine issue of material fact as to the debtor's failure to obey the Court's order directing turnover of funds. Accordingly, judgment in favor of the trustee, and revocation of the

7

debtor's discharge under § 727(d)(3) and (a)(6)(A), are warranted as a matter of law.

## CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment and revokes the debtor's discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A).

IT IS SO ORDERED.